IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHILIP SELDON d/b/a<br>BEST DEAL MAGAZINES and<br>BIRDDOG ASSOCIATES, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 04-1081 |
| | ) | Judge Thomas M. Hardiman |
| v. | ) | |
| | ) | |
| DIRECT RESPONSE TECHNOLOGIES, | ) | |
| INC. et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Plaintiff Philip Seldon (Seldon) filed this action against Direct Response Technologies,

Inc. (DRT) and its CEO, Jason Wolfe (Wolfe), alleging false claims, defamation, tortious

interference with business, assault and battery.  Defendants DRT and Wolfe filed a motion to

dismiss.  For the reasons that follow, the Court will grant the motion to dismiss as to Count I

(false claims) and Counts VI through XI (malicious interference with business advantage).

However, the Court will deny the motion as to Counts II through V (defamation) and Count XII

(assault and battery).

The Court notes initially that Seldon is representing himself in this case.  Because

plaintiff is "unskilled in the law, we must view his pleading and the applicable procedure

liberally." *Moore v. Coats Co.*, 270 F.2d 410, 411 (3d Cir. 1959) (*citing Picking v.*

*Pennsylvania R. Co.*, 151 F.2d 240, 244 (3d Cir. 1945)).  "On the other hand, a judge may not

become a surrogate attorney for the party, even one who is proceeding pro se." *Taylor v. Diznoff*, 633 F. Supp. 640, 641 (W.D. Pa. 1986)(*quoting Mazur v. Pa. Dept. of Transp.*, 507 F. Supp. 3, 4 (E.D. Pa. 1980), *aff'd* 649 F.2d 860 (3d Cir. 1981)).

Rule 12(b)(6) motions challenge the legal sufficiency of the complaint. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). Plaintiff is required to "set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist." *Id.* "A motion to dismiss pursuant to Rule 12(b)(6) may be granted only if, accepting all well pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief.'" *In re Rockefeller Center Properties Inc.*, 311 F.3d 198 (3d Cir. 2002). While a court will accept well-pleaded allegations as true for the purposes of the motion, it will not accept legal or unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *See In re Burlington Coat Factory Sec. Lit.*, 114 F.3d 1410, 1429 (3d Cir. 1997); *Miree v. DeKalb County, Ga.*, 433 U.S. 25, 27 n. 2 (1977).

Accepting as true all well-pleaded facts, Seldon has sufficiently alleged a claim for defamation. He claims that Defendants published factual material about the him that is untrue, third parties read the material and understood it to be defamatory, and he suffered specific damages to his business because of those statements. Similarly, Seldon has alleged facts which, if true, constitute a claim for assault and battery. Specifically, Seldon alleges an unwelcome and intentional touching by Wolfe that resulted in an injury.

On the other hand, Seldon has failed to state a claim upon which relief can be granted in Count I and Counts VI through XI. In Count I, Seldon alleges that Defendants "are engaged in

2

the deceptive acts and practices of making false claims about their operations including false advertising and false representations in violation of Pennsylvania law." Second Amended Complaint at 4. The Court is aware of no law in Pennsylvania under which such an allegation of "false claims" would fall and thus Count I fails to state a cognizable claim.

In Counts VI through XI, Seldon claims that Defendants tortuously and maliciously interfered with his business. "To set forth a viable cause of action for tortious interference with contract under Pennsylvania law, plaintiffs must plead the following elements: (1) the existence of a contractual, or prospective contractual relation between the complainant and a third party; (2) purposeful action on the part of the defendant, specifically intended to harm the existing relation, or to prevent a prospective relation from occurring; (3) the absence of privilege or justification on the part of the defendant; and (4) the occasioning of actual legal damage as a result of the defendant's conduct." *Remick v. Manfredy* 238 F.3d 248, 263 (3d Cir. 2001). Seldon has failed to allege any specific third party with whom he had an existing or prospective contractual relation. In addition, he has failed to allege facts that would demonstrate an intent on the part of the Defendants to harm or prevent any such relation. Thus, Counts VI through XI fail to state a claim for which relief can be granted.

Accordingly, it is hereby ORDERED that Defendants' Motion to Dismiss (Document No. 18) is GRANTED as to Count I and Counts VI through XI and DENIED as to Counts II through V and Count XII.

Dated: October 12, 2005

_Thos M. Hardiman_
Thomas M. Hardiman
United States District Judge

cc: Counsel and parties